(18 App. Div. 401.)

## WOODS v. GLEASON.

(Supreme Court, Appellate Division, Second Department. June 29, 1897.)

SLANDER—SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY.

An action for slander, based upon the use by the defendant of this language: "I was ejected by force from this building by a gang of thieves, murderers, and robbers and pirates, at the head of whom stood that old gray-headed scoundrel. He committed an assault on me. We have some police officers on the force of whom I am proud, while there are others that cause me to blush with shame. There are burglars, geese stealers, murderers, and pirates; policemen who would hold citizens up against a lamp-post, and rob them,"—at the same time pointing to the plaintiff, who held the office of chief of police, requires the submission to the jury of the questions whether the language used was intended to impute a criminal act, and was spoken of and concerning the plaintiff, and the facts that, as chief of police, the plaintiff had not the power of appointment of his subordinates, and that the ejection of the defendant referred to was unlawful, do not prevent such language from being slanderous per se.

Appeal from trial term.

Action by Anthony S. Woods against Patrick J. Gleason. Verdict for plaintiff. From an order granting a new trial, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Louis J. Grant, for appellant.

George W. Stephens, for respondent.

HATCH, J.     The action is brought to recover damages for slander. The averments of the complaint are that plaintiff was chief of the police force of Long Island City; that while acting as such chief of police the defendant spoke of and concerning the plaintiff individually and as such officer, at the same time pointing at him, these false and defamatory words:

"Three years ago I was ejected by force from this building (meaning City Hall, Long Island City) by a gang of thieves, murderers, and robbers and pirates, at the head of whom stood that old gray-headed scoundrel. He committed an assault on me. We have some police officers on the force of whom I am proud, while there are others that cause me to blush with shame. There are burglars, geese stealers, murderers, and pirates; policemen who would hold citizens up against a lamp-post, and rob them."

The defendant admitted that the plaintiff was such chief of police, but denied the speaking of the words alleged in the complaint, except that he charged the plaintiff, at said time and place, with committing an assault upon him.     The proof upon the trial tended to sustain the allegations of the complaint.     It was the view of the learned court before whom the case was tried that the allegations of the complaint, coupled with the proof given upon the trial, were not susceptible of a construction imputing slander of the plaintiff in connection with his office.     This conclusion is arrived at upon the assumption that the language used does not impute or charge the plaintiff with the commission of a crime, for the reason that it appeared that the plaintiff had no power of appointment to the police force of Long Island City, or of removal of the members constituting the same, and that, therefore, it was his duty to be at their head, however constituted or bad they might be.     That, if the language is to be construed as charging the plaintiff with being at the head of a gang of policemen or of outsiders who were of the character charged, they do not impute slander to the plaintiff in his office in the connection used, as the act of ejecting the defendant from the office of mayor was illegal.     Any injurious imputation affecting a person in his office, profession, or business is slanderous, and an action may be maintained therefor without proof of special damage.     Gideon v. Dwyer, 87 Hun, 246, 33 N. Y. Supp. 754. In the present case we have already held, upon an application to strike from the complaint all of the words in the third paragraph following the sentence, "He committed an assault upon me," that the averment was sufficient to authorize a finding that the words were spoken of and concerning the plaintiff in contradistinction to the force in general. Such ruling, we think, necessarily embraced a construction of the language used in the prior portion of this paragraph in the complaint as constituting an injurious imputation affecting the plaintiff in his office of chief of police.     The charge made by the defendant is that he was ejected by a gang whom he characterizes as thieves, murderers, and pirates, of whom the plaintiff, an old gray-headed scoundrel, was the head.     The designation of the plaintiff as the head of the gang does not exclude him from being a component part of it.     In his capacity of head the charge seems to be susceptible of the construction that he possessed all of the attributes which characterized the gang and made him its leader.     Instead of limiting the language in its application to

those persons of whom the plaintiff was the head, we think its popular understanding necessarily is that it embraced the plaintiff, and intensified the application of the characterization by designating him as the head, and therefore imputed to him the criminal character which the words imply. Sanderson v. Caldwell, 45 N. Y. 405. We do not think that this result is changed, even though it be conceded that the ejection of the defendant from the office of mayor was an unlawful act. The charge, as averred and proved, is not justified by such fact. The only respect in which it admits of consideration bears upon the question of damages, and may be proved in mitigation thereof. Beyond this we think that it can have no legal effect. Charging a person with being a thief and robber is slanderous, as it imputes larceny. Slayton v. Hemken, 91 Hun, 582, 36 N. Y. Supp. 249. It may be that a charge of this character can be so connected with surrounding circumstances that it will appear from the whole context that a larceny was not imputed. But where there is ambiguity in this respect, the question is for the jury. It is an ancient rule that a person may not be heard to defame in one sense and defend in another. Van Vechten v. Hopkins, 5 Johns. 211. The language used we think required the case to be submitted to the jury upon both questions whether the language imputed to the plaintiff a criminal act, and also whether it was spoken of and concerning the plaintiff in his office of chief of police. While we arrive at this conclusion, we also reach the conclusion that the order should be affirmed. The court was vested with discretion in determining that the verdict was excessive, and we see no reason for interfering with its exercise.

The order should therefore be affirmed. All concur.